IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:24-cr-00051-009 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| MICHAEL LEE REESE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 39)**

---

This case comes before the Court on the Government's Motion for Pretrial Detention (Doc. No. 39), which seeks to detain Defendant Michael Reese ("Defendant") prior to trial. Defendant waived his detention hearing during his initial appearance and the Court promptly granted the Motion. This opinion sets forth the Court's findings of fact and statement of reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

I.   **LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

1

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

2

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

## II. ANALYSIS

For the reasons stated below, the Court finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Therefore, the Court grants the Motion.

### A. Rebuttable Presumption

No rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B. Nature and Circumstances of the Offense

The following statements of fact are based upon the Indictment.

The grand jury that issued the Indictment in this case charged fourteen defendants with one or more of the following counts: (1) racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); (2) assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(2) & (3) (Count Two); (3) conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Three); and (4) attempted assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Four). Defendant is charged in Count Three.

Defendant is a member of the Thug Riders Motorcycle Club ("TRMC"), which is an all-male outlaw motorcycle gang whose members allegedly commit extortion, identity fraud, assault, arson, murder, and other acts of violence. TRMC members belong to chapters in the United States, Canada, Australia, Morocco, the Dominican Republic, Puerto Rico, Germany and the United Kingdom. The TRMC chapter in Dayton, Ohio was

4

established in 2019. It is part of the TRMC Midwest Region, which consists of chapters in Ohio, Kentucky, West Virginia, Indiana, Illinois, and Missouri.

TRMC is a highly organized and hierarchical gang. The leadership of each TRMC chapter includes a President, Vice-President, Treasurer, Road Captain, Sergeant at Arms, and Enforcers.

TRMC members must comply with a written code of conduct, pay monthly dues, and pay a portion of the proceeds of criminal activities to their chapter. Members must also use any means necessary to obtain respect from others, including by committing acts of intimidation, threatening violence, and using violence. TRMC members maintain and enhance their status in the organization by their use and threatened use of violence. TRMC also engages in territorial disputes with other outlaw motorcycle gangs, including the Outlaws Motorcycle Club ("Outlaws MC").

On or about April 9, 2023, Defendant allegedly traveled with other TRMC members in a convoy of vehicles to Lexington, Kentucky. The purpose of the trip was to attack and retaliate against the Outlaws MC, as it was believed that Outlaw MC members had attacked two Kentucky TRMC members. The eight-vehicle convoy rendezvoused at a gas station and then drove to the Outlaws MC clubhouse where TRMC members opened fire, discharging nearly 200 live gunfire rounds into the occupied building.

The alleged offense is extremely serious. This factor weighs in favor of detention.

### C. Weight of Evidence of Risk of Flight or Dangerousness

The Government has proven by clear and convincing evidence that Defendant poses a significant risk of danger to the community. Defendant was previously convicted

of ethnic intimidation, theft by deception, obstructing justice, receiving stolen property, attempted violation of a protection order, trafficking in and possession of cocaine, permitting drug abuse, illegally operating a sexually oriented business, assault (physical harm) and domestic violence (causing harm). And in another case pending in this Court (*U.S. v. Reese*, S.D. Ohio No. 3:24-cr-52), Defendant allegedly beat, kidnapped and raped his estranged wife, whipped her with a pistol about her head, and tied her up with a dog leash. There was also evidence that Defendant physically assaulted and seriously injured the victim in that case weeks before he allegedly kidnapped her.

Accordingly, this factor weighs heavily in favor of detention.

### D. Defendant's History and Characteristics

Defendant's lengthy criminal history includes convictions for crimes of violence and drug offenses. He has a history of substance abuse and has repeatedly failed to appear in Court when required. Considering these facts together, the Court finds that Defendant's history and characteristics weigh strongly in favor of detention.

### E. Nature and Seriousness of Danger Posed to The Community

Defendant poses a high risk of very serious danger to the community because of his criminal history, which includes violent crimes and drug offenses, and the extreme violence alleged in *U.S. v. Reese*, S.D. Ohio No. 3:24-cr-52. Accordingly, this factor weighs heavily in favor of detention.

## III. CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the

safety of other persons and the community. Therefore, the Government's Motion for Pretrial Detention (Doc. No. 39) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.